IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MERYL WORMSER, | : |
| | : |
| Plaintiff, | : |
| | : |
| V. | : |
| | : Case No. |
| CREDITORS FINANCIAL GROUP, LLC, a New York limited liability company, | : |
| | : |
| Defendant. | : |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against Defendant for violations of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* and for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. This Court has supplemental jurisdiction to hear and decide the Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff MERYL WORMSER (WORMSER) is an individual and a resident of this State and is authorized by law to bring this action.

5. Defendant, CREDITORS FINANCIAL GROUP, LLC, is a limited liability company organized under the laws of the State of New York with its principal place of business

in the State of Colorado located at 3131 South Vaughn Way, Suite 110, Aurora, Colorado 80014. [Hereinafter, said Defendant is referred to as "CFG"].

6. All acts and omissions alleged herein occurred in the State of Florida.

7. CFG committed tortious injury in the State of Florida.

8. CFG conducts business in the State of Florida.

9. CFG is subject to the jurisdiction and venue of this Court.

10. CFG may be served by personal service upon its registered agent in the State of Florida: C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

11. Alternatively, CFG may be served by personal service upon an authorized agent or officer at its principal place of business in the State of Colorado: 3131 South Vaughn Way, Suite 110, Aurora, Colorado 80014.

12. Alternatively, CFG may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Florida, New York, or Colorado.

## FACTUAL ALLEGATIONS

13. CFG uses the mails in its business.

14. CFG uses telephone communications in its business.

15. CFG's principal business purpose is the collection of debts.

16. CFG regularly collects, or attempts to collect, debts owed or due, or asserted to be owed or due, another.

17. CFG is a debt collector subject to provisions of the FDCPA.

18. CFG is a debt collector and entity subject to the provisions of the FCCPA.

19. CFG communicated with WORMSER, a Florida resident, in CFG's attempts to collect a debt allegedly due from WORMSER to a business not a party to this litigation.

20. In or around November and December 2010, CFG, by and through its agents, left voice messages for the Plaintiff requesting a return call.

21. In the voice messages left for WORMSER, CFG failed to provide meaningful disclosure of the caller's identity.

22. In the voice messages left for WORMSER, CFG failed to state that CFG is a debt collector attempting to collect a debt.

23. In CFG's initial communication, CFG failed to disclose that the communication was an attempt to collect a debt.

24. In CFG's initial communication, CFG failed to disclose that the communication was from a debt collector.

25. In CFG's initial communication, CFG failed to disclose that any information obtained from WORMSER would be used for the purpose of collecting a debt.

26. In CFG's subsequent communications, CFG failed to disclose that the communications were from a debt collector.

27. CFG did not send any written communication to WORMSER within five (5) days of the initial oral communication.

28. CFG has never sent any written communication to WORMSER.

29. CFG's voice message communications to WORMSER were made to WORMSER's personal phone.

30. WORMSER's personal phone contains a voice mail greeting asking the caller to provide their name and contact information.

31. CFG listened to WORMSER's voice mail greeting and WORMSER's request that the caller provide their name and contact information.

32. Despite being requested to provide the name and contact information, CFG refused to adequately identify itself in the messages left for WORMSER.

33. CFG placed telephone communications to WORMSER after 9:00 p.m.

34. CFG's actions were knowing and intentional

35. As a result of CFG's actions, WORMSER has suffered actual damages in an amount to be proven at trial.

36. CFG's communications and actions violate the FDCPA.

37. CFG's communications and actions violate the FCCPA.

38. WORMSER will incur costs for filing and serving this action.

39. WORMSER has retained counsel and agreed to pay a reasonable fee.

40. WORMSER is entitled to recover the costs and reasonable attorney fees incurred in this action.

41. The Plaintiff has complied with all conditions precedent to bring this action.

### COUNT I
### VIOLATION OF THE FDCPA, 15 U.S.C. §§ 1692 ET. SEQ.

42. Plaintiff WORMSER re-alleges and incorporates herein Paragraphs 1-41 above.

43. CFG's acts constitute intentional violations of the FDCPA.

44. CFG's violations of the FDCPA include, but are not limited to, the following:

45. Communicating with a consumer in connection with the collection of a debt at an unusual time and place and between the hours of 9:00 p.m. and 8:00 a.m., in violation of 15 U.S.C. § 1692c(a)(1);

46. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

47. Placing telephone calls without providing meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

48. Using a false, deceptive, or misleading representation or means in the connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

49. Using a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

50. Failing to disclose in the initial communication that the communication was from a debt collector, that the communication is an attempt to collect a debt, and that any information obtained would be used for the purpose of collecting a debt, in violation of 15 U.S.C. § 1692e(11);

51. Failing to disclose in subsequent communications that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

52. Failing to send the required written notice to the consumer within five (5) days of the initial oral communication with a consumer, in violation of 15 U.S.C. § 1692g(a).

53. As a direct and proximate result of CFG's actions, Plaintiff WORMSER suffered damages and is entitled to an award of the maximum statutory damages, actual damages, and an award of costs and attorney fees.

54. WHEREFORE, Plaintiff WORMSER respectfully demands the following relief: (A) That this Court enter judgment against the Defendant for violations of the FDCPA; (B) That this Court find each and every defense raised by the Defendant to be without merit; (C) That this Court award the maximum statutory damages of $1,000.00; (D) That this Court award actual damages in an amount proven at trial; (E) That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and (F) That this Court award such other and further relief as is just and proper.

## COUNT II
### VIOLATION OF THE FCCPA, FLA. STAT. §§ 559.55 ET. SEQ.

55. Plaintiff WORMSER re-alleges and incorporates herein Paragraphs 1-41 above.

56. CFG's acts constitute intentional violations of the FCCPA.

57. CFG's violations of the FCCPA include, but are not limited to, th following:

   a. Refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt, in violation of Fla. Stat. § 559.72(15); and

      b. Communicating with a debtor between the hours of 9:00 p.m. and 8:00 a.m. in the debtor's time zone without prior consent of the debtor, in violation of Fla. Stat. § 559.72(17).

58. As a direct and proximate result of CFG's violations of the FCCPA, the Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, the maximum allowable statutory damages, attorney's fees, and costs.

59. WHEREFORE, Plaintiff WORMSER respectfully demands the following relief: (A) That this Court enter judgment against the Defendant for violations of the FCCPA; (B) That this Court find each and every defense raised by the Defendant to be without merit; (C) That this Court award the maximum statutory damages of $1,000.00; (D) That this Court award actual damages in an amount proven at trial; (E) That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and (F) That this Court award such other and further relief as is just and proper.

                                        Respectfully submitted,

                                        /s/ Adam J. Knight
                                        Adam J. Knight
                                        Florida Bar No. 69400
                                        Attorney for Plaintiff

Henry W. Hicks, P.A.
3003 West Azeele Street
Suite 200
Tampa, Florida 33609
Tele. 813.876.3113
Fax. 813.871.9202
aknight@titlemark.net